IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>**Maoly Perez**,<br>Defendant. | CRIMINAL NO. 25-364 (SCC)<br><br>RECEIVED & FILED<br>CLERK'S OFFICE<br>SEP 03 2025<br>US DISTRICT COURT<br>SAN JUAN, PR |

**PLEA AGREEMENT**
Fed. R. Crim. P. 11(c)(1)(B)

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Maoly Perez, and Defendant's counsel, Javier Micheo-Marcial, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Information:

Count One:   Beginning on or about the year 2014, the exact date being unknown, and continuing until on or about May 23, 2018, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, the Defendant, Maoly Perez, the defendant herein, did knowingly and intentionally combine, conspire, and agree with other persons, to commit an offense against the United States, that is, to knowingly transport, transmit, or attempt to transport, transmit or transfer a monetary instrument or funds from a place in the United States to or through a place outside the

United States, knowing that the money was proceeds of a specified unlawful activity and knowing that the movement was intended to conceal or disguise the nature, location, source, ownership, or control of the specified unlawful activity; and also that the Defendant did so with the intent to promote the carrying on of a specified unlawful activity. All in violation of 18 U.S.C. §§ 1956(a)(2) and (h).

## 2. Maximum Penalties

<u>Count Two</u>: The maximum statutory penalty for the offense charged in Count One of the Information, is a term of imprisonment of not more than twenty (20) years, a fine not to exceed five hundred thousand dollars ($500,000) or twice the value of the property involved in the transaction, whichever is greater, pursuant to 18 U.S.C. § 1956(a)(2)-ALPA; and a term of supervised release of not more than three (3) years, pursuant to 18 U.S.C.§§ 3559((a)(3) and 3583(b)(2).

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.



### 6. Sentence to be Determined by the Court



Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines

calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT ONE 18 U.S.C. §§ 1956(a)(2) and (h) | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2S1.1(a)(2) | | | | | 8 |
| Value of Funds $6,500 or less pursuant to U.S.S.G. § 2B1.1(b)(1)(A) | | | | | No increase |
| Defendant was convicted under 18 U.S.C. § 1956 pursuant to U.S.S.G. § 2S1.1(b)(2)(B) | | | | | +2 |
| Defendant knew or believed laundered funds were drug trafficking proceeds | | | | | +6 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | **13** |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 8-14 | 10-16 | 12-18 | 18-24 | 24-30 | 27-33 |




8. **Sentence Recommendation**

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to recommend a below guideline sentence of three years of probation under standard conditions. Furthermore, should the defendant be eligible for a reduction under U.S.S.G. § 4C1.1, the Total Offense Level will be further reduced by two (2) levels.

The parties agree that any recommendation by either party for below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

## 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is three years of probation or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release

## 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Javier Micheo-Marcial, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:




a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

17. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

18. **Dismissal of Remaining Counts**

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in 20-452 (SCC).

19. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

20. **Breach and Waiver**




Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. Stephen Muldrow
United States Attorney

_____
Myriam Y. Fernandez-González
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: 9.2.2025

_____
Maria L. Montañez-Concepción
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime Section
Dated: 9.2.2025

_____
Antonio L. Perez-Alonso
Assistant U.S. Attorney
Dated: 9/2/2025

_____
Javier Micheo-Marcial, Esq.
Counsel for Defendant
Dated: 9-3-25

_____
Maoly Perez
Defendant
Dated: 9-3-25

United States v. Maoly Perez,

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 9/3/25

_____
Maoly Perez
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 9/3/25

_____
Javier Micheo-Marcial, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Maoly Perez admits that Defendant is guilty as charged in the Information and admits the following:



Beginning on or about the year 2014, the exact date being unknown, and continuing until on or about May 23, 2018, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, the Defendant, Maoly Perez, the defendant herein, did knowingly and intentionally combine, conspire, and agree with other persons, to commit an offense against the United States, that is, to knowingly transport, transmit, or attempt to transport, transmit or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States knowing that the money was proceeds of a specified unlawful activity and knowing that the movement was intended to conceal or disguise the nature, location, source, ownership, or control of the specified unlawful activity; and also that the Defendant did so with the intent to promote the carrying on of a specified unlawful activity. All in violation of 18 U.S.C. §§ 1956(a)(2) and (h).

Specifically, during the timeframe of the conspiracy, the Defendant, Maoly Perez, transported approximately $6,000 in narcotics proceeds from Puerto Rico to the Dominican Republic.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and

United States v. Maoly Perez,

documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant Maoly Perez is guilty as charged in Count One of the Information. Discovery was timely made available to Defendant for review.

_____
Antonio L. Perez-Alonso
Assistant U.S. Attorney
Dated: 9/2/2025

_____
Javier Micheo-Marcial, Esq.
Counsel for Defendant
Dated: 9/3/25

_____
Maoly Perez
Defendant
Dated: 9/3/25